PALATINE ANILINE AND CHEMICAL CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8691.    Promulgated October 31, 1927.

Commissioner's determination approved for lack of evidence.

*Samuel Freedman, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

MURDOCK: The petition alleges that the Commissioner in deter-
mining the deficiencies in controversy was in error (1) when he de-
creased the net worth of the corporation at January 1, 1920, by
increasing the reserve for depreciation by $6,144.76; (2) when he
disallowed depreciation on machinery for the year 1920 in the
amount of $609.01 and for the year 1921 in the amount of $899.44,
and (3) when he disallowed losses on assets discarded during the
two years in the amounts of $550 for 1920, and $2,437.50 for 1921.

The answer denied all of the allegations of the petition, except
those alleging that the deficiency letter was mailed September 21,
1925, that the taxes in controversy are income and profits taxes for
the calendar years 1920 and 1921 in the total amount of $2,402.76,
and that the petitioner is a New York corporation with its principal
office at Poughkeepsie, N. Y.

The only evidence offered was the deposition of an internal revenue
agent who made an examination of the petitioner's books and records
for the years 1920 and 1921, on or about October 15, 1924.    A copy
of his report was offered in evidence.    It gave certain data, schedules
and computations to show that additional tax was due for these
two years in the amount of $2,479.70, $538.47 being for 1920 and
$1,941.23, the balance, being for 1921.    The witness then stated that
this report contained certain errors and he indicated what correc-
tions should be made in the figures as shown by the report, but he

gave no reason for these changes which increased the loss from obsolescence on machinery and changed the amount of accrued depreciation at December 31, 1918, as shown by his report.

It does not appear that the Commissioner based his determination on the report of this revenue agent. Until this is shown, it is immaterial that errors were made in the report. We, therefore, have not sufficient proof in this case to overcome the presumption of the correctness of the Commissioner's determination.

> *Judgment will be entered on notice of 15 days, under Rule 50.*

Considered by TRAMMELL, MORRIS, and SIEFKIN.